UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEVENTH DAY CHURCH OF GOD
INTERNATIONAL  MINISTRIES,
INC.,

      Plaintiffs,

v.                                    Case No:  2:25-cv-121-JES-NPM

WESTCHESTER  SURPLUS  LINES
INSURANCE COMPANY,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Reconsideration of Order Denying its Motion for Summary Judgment, or Alternatively, for Clarification (Doc. #53) filed on March 30, 2026.  Plaintiff filed a Response (Doc. #54) on April 9, 2026. For the reasons stated below, the motion is denied.

*I.*

On November 12, 2025, defendant sought summary judgment, arguing that there was no viable claim because there are no possible damages.  In a February 12, 2026, Opinion and Order (Doc. #51), the Court found that defendant had not established a basis for summary judgment.  The Court found that defendant did not establish that plaintiff had no ability to recover the remaining $10,676.20; that a second payment was issued using

actual cash value; that the value of the property was an issue because it was used to determine whether the property was underinsured; that an issue of fact existed as to whether plaintiff would be entitled to the actual cash value that would cover the interior repairs; and that because plaintiff may be owed some damages, there was a genuine issue of fact as to the amount. (Doc. #51, pp. 11-17.) Defendant now seeks reconsideration of that Opinion and Order arguing that plaintiff's evidence of actual cost value should have been excluded for failure to disclose it pursuant to Fed. R. Civ. P. 37(c)(1).

## II.

Defendant seeks reconsideration pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 60(b). "Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" Kemp v. United States, 596 U.S. 528, 533 (2022) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)). "Rules 59(e) and 60(b) only come into play after a final, appealable judgment is entered." Hornady v. Outokumpu Stainless USA, LLC, 118 F.4th 1367, 1379 (11th Cir. 2024) (citations omitted). As the judgment in the case is not final, Rule 60(b) does not apply.

An Order that does not end an action "may be revised at any

time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "When, as here, a district court enters a non-final order, it should evaluate motions to reconsider that order under the standards inherent in Rule 54(b)—plenary authority "to reconsider, revise, alter or amend" a non-final order before the entry of final judgment." Hornady, 118 F.4th at 1379–80 (citations omitted). "Though district courts enjoy plenary *power* to reconsider non-final rulings, they need not employ plenary *review* when doing so. Indeed, in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." Id. at 1380 (citations omitted).

### *III.*

Under the Hurricane Claim Scheduling Order, all expert reports and expert disclosures were required to be served "no later than **180 days** after a Response to the Complaint has been filed…." (Doc. #6, pp. 15-16) (emphasis in original). The Answer and Affirmative Defenses (Doc. #8) were filed on February 19, 2025, making the deadline August 18, 2025, without an extension.

Defendant argues that plaintiff did not timely disclose that Mr. Gannon would offer an opinion about the actual cash value of

the Property, and that the opinion was improperly and untimely formed and provided only in response to summary judgment. The argument was raised in the Reply (Doc. #46) as follows:

> The Plaintiff has abandoned its claim for damages based on the Specialty Public Adjusters estimate, and has likewise abandoned the estimate by Mr. Gannon served with its Rule 26 Expert Disclosures [ECF No. 38-4]; *see* Resp. at 8. The Plaintiff now seeks payment based on an Actual Cash Value estimate [ECF No. 45-6, at 142] by Mr. Gannon dated November 21, 2025—more than three months after the expert disclosure deadline [ECF No. 6, at 19]—which was undisputedly written to oppose Westchester's Motion for Summary Judgment. Resp. at 8; Gannon Decl. ¶ 14.

> However, the Plaintiff cannot first claim Actual Cash Value damages after Westchester moved for summary judgment, or rely on undisclosed expert calculations of damages. Under Rule 37(c)(1), exclusion of this category of damages and the November 21, 2025 Gannon Estimate is automatic and mandatory. *See Metal Prods*, 2022 WL 104618, at *3 (11th Cir. Jan. 11, 2022) (holding that the plaintiff cannot attempt to claim Actual Cash Value damages in response to a motion for summary judgment).9 Accordingly, Plaintiff should be barred from seeking damages calculated on an Actual Cash Value basis.

(Doc. #46, p. 6.)

The estimate based on replacement value was created by Thomas Gannon and LSC Construction and was timely provided in August 2025, after the inspection in 2023. (Doc. #45-6, Exh. 2; Doc. #54, p. 13.) It was only the Declaration submitted in

response to summary judgment that was dated December 2025, and it clearly indicates that the previously provided estimate included the actual cash value on page 25 of the estimate and that the amount was being updated to include depreciation.  (Doc. #45-6, ¶¶ 10, 14-16.)  The Court finds no basis to reconsider, revisit, or grant summary judgment.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Reconsideration of Order Denying its Motion for Summary Judgment, or Alternatively, for Clarification (Doc. #53) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of April 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Hon. Nicholas P. Mizell
Counsel of Record

- 5 -